**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEY FOR APPELLEE:

**DONALD J. TRIBBETT**
Tribbett Law Office
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD RAY, )
 )
  Appellant-Defendant, )
 )
  vs. )  No. 08A02-1405-PL-380
 )
TWIN LAKES REGIONAL SEWER DISTRICT, )
 )
  Appellee-Plaintiff. )

APPEAL FROM THE CARROLL SUPERIOR COURT
The Honorable Kurtis G. Fouts, Judge
Cause No. 08D01-1302-PL-10

**December 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Richard Ray appeals the trial court's judgment in favor of Twin Lakes Regional Sewer District ("the District") on the District's complaint, which sought injunctive relief directing Ray to connect his property to the District's public sewer. Ray presents two issues for our review, but we address a single dispositive issue, namely, whether he presented sufficient evidence to prove that he is entitled to a statutory exemption to the ordered sewer connection.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The parties stipulated to the facts underlying this case as follows:

1. [The District] is a regional sewer district providing sewage collection and treatment services within its territorial boundaries, including within territory in Carroll County, Indiana. [The District] is organized and exists pursuant to the provisions of Article 26 of Title 13 of the Indiana Code.

2. Pursuant to Limited Corporate Warranty Deed dated the 29th day of November, 1979, and recorded in the Office of the Recorder of Carroll County, Indiana on the 3rd day of December 1979, . . . Ray is the owner of real estate commonly known as 11301 W. 950 N., Monticello, Indiana. . . . Said real estate is located within the territorial boundaries of [the District] and within 300 feet of an available sewer. Glenda L. Ray[, Ray's wife,] departed this life on May 13, 2013.[1]

3. On or about April 15, 2009, [the District] sent notice to Ray to connect his property at 11301 W. 950 N., Monticello, Indiana, to [the District's] public sewer and to discontinue the use of any privy, cesspool, septic tank, or similar structure. Additional notices to connect were sent to Ray on or about May 19, 2010, and June 20, 2010. To date, Ray has not connected his property to [the District's] public sewer.

4. On or about October 16, 2012, Ray submitted to [the District] a request that his property be exempted from connecting to [the District's] public

---

[1] The Rays were both named in the District's complaint, but Ray is the only surviving defendant.

sewer. A true and correct copy of said request is attached hereto as "Exhibit B."

5. On or about October 30, 2012, [the District], by and through its attorney, sent Ray a letter denying his request for an exemption. A true and accurate copy of said letter is attached hereto as "Exhibit C."

6. On February 15, 2013, [the District] initiated this action requesting an order compelling Ray to connect his property to [the District's] public sewer.[2]

7. Ray contends that, pursuant to P.L. 97-2012 effective July 1, 2012, his property is exempt from connecting to [the District's] public sewer. Ray bears the burden of establishing his right to any such exemption.

8. [The District] contends that P.L. 97-2012 does not apply to Ray's property and that Ray's October 16, 2012, exemption request did not, in any event, establish his entitlement to an exemption.

9. The parties agree that there are no other facts pertinent to the issue presently before the court and that the court may determine the issue as a matter of law. The parties propose to submit memoranda to the court to present their various legal arguments and respectfully request that the court decide this case on this stipulation and the memoranda to be submitted.

Appellant's App. at 39-41. After each party submitted a memorandum to the trial court, the court entered a general judgment in favor of the District and ordered Ray to connect his property to the District's public sewer and to discontinue use of "any privy, cesspool, septic tank, or similar structure within 90 days of this order." Id. at 13. This appeal ensued.

## DISCUSSION AND DECISION

Here, the facts are undisputed and the dispositive issue presented on appeal is a question of law. Further, the trial court's determination was made on a paper record,

_____

[2] The Rays failed to respond to the complaint, and the trial court entered default judgment against them in March 2013. But the trial court subsequently granted Ray's Trial Rule 60(B) motion to set aside default judgment.

3

rather than after an evidentiary hearing.  Our review on appeal is <u>de novo</u>.  See <u>State v. Moss-Dwyer</u>, 686 N.E.2d 109, 110 (Ind. 1997); <u>Stewart v. Kingsley Terrace Church of Christ, Inc.</u>, 767 N.E.2d 542, 546 (Ind. Ct. App. 2002).

Indiana Code Section 13-26-5-2(8) ("Section 2") provides in relevant part as follows:

> Except as provided in sections 2.5 and 2.6 of this chapter, [a regional sewer district may] require connection to the district's sewer system of property producing sewage or similar waste, and require the discontinuance of use of privies, cesspools, septic tanks, and similar structures if:
>
>> (A) there is an available sanitary sewer within three hundred (300) feet of:
>>
>>> (i) the property line, if the property is adjacent to a body of water, including a lake, river, or reservoir; . . . . [and]
>>
>> (B) the district has given written notice by certified mail to the property owner at the address of the property at least ninety (90) days before a date for connection to be stated in the notice; . . . .

Indiana Code Section 13-26-5-2.6 ("Section 2.6") provides

A district may not require the owner of a property described in section 2(8) of this chapter to connect to the district's sewer system if:

> (1) the property is located on at least ten (10) acres;
>
> (2) the owner can demonstrate the availability of at least two (2) areas on the property for the collection and treatment of sewage that will protect human health and the environment;
>
> (3) the waste stream from the property is limited to domestic sewage from a residence or business;
>
> (4) the system used to collect and treat the domestic sewage has a maximum design flow of seven hundred fifty (750) gallons per day; and

4

(5) the owner, at the owner's expense, obtains and provides to the district a certification from the local health department or the department's designee that the system is functioning satisfactorily.

It is undisputed that the District was, in the first instance, entitled to order Ray to connect his real property to the sewer system under Section 2. But Ray contends that he is entitled to the exemption created by Section 2.6.[3] In particular, in his memorandum to the trial court, Ray argued that

Exhibit A of the Stipulations shows Mr. Ray has 10 or more acres.

Exhibit B[,] page 2 shows that the sewage is from the residence and that the system is in working order. Pages 3 and 4 show there are 2 or more areas available on the property for the proper treatment and collection of sewage[,] as well as the present septic location.

The letter from [the District] dated October 30th 2012 (Exhibit C) claims deficiency in Mr. Ray's application for exemption in subsections 2, 4, and 5 of I.C. [§] 13-26-5-2.6[;] however[,] as stated above, the requirement of sections 2 (2 areas for collection and treatment) and (5) (certification from the Health Department [that] the system is functioning satisfactorily) have been met or substantially complied with.

If Mr. Ray needs to determine under subsection (4) of the statute if the maximum design flow is 750 gallons per day, then he can have the Health Department or a certified installer do that.

Rather than working with citizens under the exemption law, it appears from Exhibit C that [the District] intends to continue to require connection in spite of the exemption language. [The District] should have and could have explained to Mr. Ray, a layman, what would be further required, if anything, for him to receive the exemption under I.C. [§] 13-26-5-2.6.

However, they [sic] didn't do that[] and instead filed legal action. Mr. Ray is ready, willing[,] and able to supply any further information

_____

[3] The parties raised the issue of whether Section 2.6, effective July 1, 2012, applied to Ray, who was ordered to connect to the sewer in 2009. But we need not address the issue of the statute's retroactivity. Assuming for the sake of argument that the statute is retroactive, we hold that Ray has not proven that he is entitled to the exemption.

5

required by [the District] to obtain the statutory exemption and has attempted to comply with the statutory requirements for such exemption.

Appellant's App. at 19 (emphases added).

The parties stipulated to the trial court that Ray bears the burden of establishing his right to the exemption under Section 2.6. In his memorandum submitted to the trial court, Ray offers to provide evidence that the system he currently uses to collect and treat the domestic sewage has a maximum design flow of 750 gallons per day, which evidence is required under subsection 4 of the statute. But the time to present that evidence has passed. Ray has not presented evidence sufficient to prove that he is entitled to the exemption under Section 2.6.[4] The trial court did not err when it ordered Ray to connect his real property to the District's public sewer.

Affirmed.

BAILEY, J., and PYLE, J., concur.

---

[4] In addition, Ray did not demonstrate the availability of at least two areas on the property for the collection and treatment of sewage that will protect human health and the environment as required under subsection 2 of Section 2.6. While Ray submitted to the trial court a document entitled "Septic System Soils/Site Evaluation Form" and an accompanying diagram purporting to show two such areas, the document does not state whether the property complies with subsection 2.